UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLUE SKY MARINE, LLC, ) | |
| ) | Case No. 3:25-cv-321 |
| v. ) | |
| ) | Judge Atchley |
| AXIAL DRIVE SYSTEMS, LLC, *et al.*, ) | Magistrate Judge Poplin |
| ) | |

# ORDER

Before the Court is the Joint Motion to Stay Discovery and Reschedule Case Management Conference [Doc. 28], filed jointly by Defendants Axial Drive Systems, LLC, Pleasurecraft Marine Engine Co., and Mark McKinney. Defendants ask the Court to stay all discovery, including initial disclosures, pending the Court's ruling on their Motions to Dismiss [Docs. 16 & 20]. Defendants further ask the Court to continue the case management conference currently set for October 1, 2025, to be reset if necessary following the Court's ruling on the Motions to Dismiss. For reasons that follow, the Joint Motion [Doc. 28] will be **GRANTED**.

## I. ANALYSIS

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem's Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). "[H]owever, the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or a motion to dismiss, is insufficient to support a stay of discovery." *Baker v. Swift Pork Co.*, Civ. Act. No. 3:15-cv-663, 2015 WL 6964702, *1 (W.D. Ky. Nov. 10, 2015). In determining whether a stay of

discovery is appropriate, the Court typically weighs the burden of proceeding with discovery on the non-moving party against the hardship that would be imposed by denying discovery. *Id.*

In their supporting Memorandum [Doc. 29], Defendants show that their pending Motions to Dismiss [Docs. 16 & 20] raise potentially dispositive legal issues that do not require further discovery to resolve. Defendant Axial Drive Systems, LLC, moves to dismiss based on it contention that venue is not proper in this Court due to a forum selection clause in its contracts with Plaintiff. [Docs. 16 & 17]. Defendants Pleasurecraft Marine Engine Co. and Mark McKinney argue they are not subject to personal jurisdiction in the State of Tennessee, and that the Complaint fails to state a claim. [Docs. 20 & 21]. Importantly, while Plaintiff "disputes Defendants' assertions in their Motions to Dismiss," it does not oppose staying discovery. [Doc. 29 at 1].

A "garden-variety Rule 12(b)(6) motion" is ordinarily insufficient to justify a stay. *Williamson v. Recovery Ltd. Partnership*, No. 2:06-cv-292, 2010 WL 546349, *2 (S.D. Ohio Feb. 10, 2010). And neither a venue nor a personal jurisdiction challenge generally dispose of the merits of a suit. Both challenges relate to where a suit may be maintained, rather than whether the complaint states a claim for relief. At the same time, if the Court does indeed lack personal jurisdiction over two of the Defendants, it makes little sense for discovery to proceed here.

For good cause shown and based on the lack of opposition, the Joint Motion to Stay Discovery and Reschedule Case Management Conference [Doc. 28] will be **GRANTED** and all discovery in this case **STAYED** until further order of the Court. However, the Court finds it appropriate to order the parties to confer again regarding the issues raised in the Motions to Dismiss [Docs. 16 & 20]. The purpose of this requirement is to streamline the issues for the Court's review as much as possible, so that resolution of the motions will not unduly delay this litigation, should it proceed in this Court.

## II. CONCLUSION

Accordingly, the Joint Motion to Stay Discovery and Reschedule Case Management Conference [Doc. 28] is **GRANTED** and discovery in this case is **STAYED** until further order of the Court. It is further **ORDERED**:

- The case management conference scheduled for October 1, 2025, is **CANCELED**, to be reset if necessary following resolution of the pending dispositive motions. The parties are **RELIEVED** of the remaining requirements of the Court's September 22, 2025, Order [Doc. 25].

- The parties **SHALL** confer and attempt to resolve the issues presented in the Motions to Dismiss [Docs. 16 & 20].
  - This requirement cannot be satisfied by written correspondence. The parties **SHALL** communicate telephonically, in-person, or virtually, in a format that permits real-time verbal communication.
  - On or before **October 3, 2025**, the parties **SHALL FILE** a joint status report certifying that they have complied with this Order.

- To afford sufficient time for the parties to confer, Plaintiff's deadline to file responsive briefing is **EXTENDED** to **October 6, 2025**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**